**Philip J. CHARVAT on behalf of himself and others similarly situated, Plaintiff,**

v.

**The ALLSTATE CORPORATION, and Esurance Insurance Company, Defendants.**

**No. 13 C 7104**

United States District Court, N.D. Illinois, Eastern Division.

Signed March 5, 2014

---

Alexander Holmes Burke, Burke Law Offices, LLC, Chicago, IL, Anthony Paronich, Edward A. Broderick, Broderick Law, P.C., Boston, MA, Matthew P. McCue, Law Office Of Matthew P. McCue, Pro Hac Vice, for Plaintiff.

Carl G. Roberts, Mark Levin, Ballard Spahr LLP, Philadelphia, PA, Mark L. Hanover, Dentons US LLP, Chicago, IL, for Defendants.

## ORDER

Elaine E. Bucklo, United States District Judge

Defendants' motion to dismiss, or in the alternative, to refer the "subsequent consent" issue to the FCC under the doctrine of primary jurisdiction, is denied.

## STATEMENT

Defendants raise three arguments for dismissing plaintiff's TCPA claim: first, that plaintiff did not plead lack of prior express consent to receive the call on which his claim is premised; second, that plaintiff has "forfeit[ed] the benefit of the TCPA and waive[d] the right to sue for its violation" because he allegedly followed the instructions provided by the prerecorded voice, then provided information to a live person who later came on the line; and third, that the complaint fails to plead an adequate basis for defendants' direct or vicarious liability for the alleged violation. Defendants also argue that plaintiff's claim for treble damages is defective because the complaint cannot reasonably be construed to allege a willful or knowing violation of the statute. None of these arguments has merit.

First, the prevailing view in this district is that "prior express consent" under the TCPA "is an affirmative defense on which the defendant bears the burden of proof; it is not a required element of the plaintiff's claim." *Kolinek v. Walgreen Co.*, No. 13 C 4806, 2014 WL 518174, *2 (N.D.Ill. Feb. 10, 2014) (Kennelly, J.) (citing cases). Because plaintiffs are not required to anticipate and defeat affirmative defenses, dismissal is only appropriate if the affirmative defense "is set out entirely in the plaintiff's complaint." *Kolinek*, 2014 WL 518174 at *2. That is not the case here, and neither defendants' admittedly unsupported speculation that plaintiff *might* have provided prior express consent to one of the other insurance companies allegedly identified in the automated recording, nor the fact that plaintiff—a seasoned TCPA litigant [1]—affirmatively pleaded lack of consent in other cases he has brought pursuant to the statute, heightens plaintiff's pleading burden under Rule 8.

---

1. Plaintiff refers to himself as a "nationally recognized telemarketing activist" and claims to have successfully litigated scores of TCPA cases. See Pl.' s Opp. at 8, n. 4 [DN 18].

Defendants' second argument—that plaintiff either has waived, or is estopped from raising, the argument that he did not consent to the call because he proceeded to follow automated instructions and ultimately provided information to a human being—conflicts with the FCC's 2003 Rules and Regulations, which indicate that a consumer's subsequent participation in an automated call does not amount to the "prior express consent" the statute requires: "Purporting to obtain consent during the call, such as requesting that a consumer 'press 1' to receive further information, does not constitute the *prior* consent necessary to deliver the message in the first place, as the request to 'press 1' is part of the telemarketing call." 18 FCC Rcd 14014 at ¶ 142 (July 3, 2003) (original emphasis). Nothing in the FCC's subsequent rulings in *SoundBite Communications, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012) (consumer's prior express consent to receive text messages encompasses consent to receive one final message confirming consumer's request to "opt-out" of further messages), or *Dish Network*, 28 FCC Rcd 6574 (April 17, 2013) (addressing a seller's liability for automated calls made by third-party telemarketers), suggests that the FCC is inclined to change its 2003 ruling that a consumer's participation in an automated call cannot be deemed "prior express consent." Defendants' reliance on *Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir.2013) is equally misplaced, as that decision—like the FCC's ruling in *SoundBite*—focused on a consumer's right to *revoke* prior express consent once granted. Nothing in it suggests that a consumer's conduct during the course of a "robocall" can substitute for prior express consent. In fact, the *Gager*

court explicitly noted that the TCPA is "a remedial statute that was passed to protect consumers from unwanted calls." *Id.* at 272. To construe its holding in the manner defendants propose, in which consumers would forfeit the statute's protections anytime they follow an automated caller's instructions, is inimical to the Third Circuit's statement of the statute's purpose.[2]

Finally, I conclude that plaintiff has sufficiently pled a substantive basis for either direct or vicarious liability. Plaintiff alleges that the prerecorded voice in the call he received "suggested that plaintiff could save money on his auto insurance, through obtaining quotes from Allstate, GEICO, Progressive and State Farm." Cmplt. ¶ 33. The complaint goes on to recount that after plaintiff "indicated that he was interested in a quote," he was transferred to another line where he heard "a prerecorded message that welcomed plaintiff to Esurance and noted that Esurance was backed by Allstate." *Id.* at ¶¶ 34–35. Then, "plaintiff was connected with a sales representative of Esurance," who solicited information from plaintiff and provided him a quote for insurance *Id.* at ¶¶ 36–37. Defendants acknowledge that in Dish Network, the FCC "observed that in appropriate circumstances, a seller that did not initiate a call may be held vicariously liable for violations of the TCPA that are committed by third-party telemarketers 'under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" Def.'s Mem., 10 (quoting *Dish Network*, 28 FCC Rcd 14014 at ¶ 28. Defendants insist, however, that plaintiff has not pled any basis from which to infer

---

**2.** I also deny defendants' alternative request to refer the issue of subsequent consent to the FCC under the doctrine of primary jurisdiction because I am not persuaded that any of defendants' cited authorities suggests the FCC is inclined to reconsider its 2003 ruling that "prior express consent" cannot be obtained during the call.

vicarious liability because he "does not identify the third-party telemarketer or lead generator" who initiated the call, nor does he allege "what arrangement, if any, that third party had with either defendant." These objections are meritless because it is defendants, not plaintiff, who can reasonably be expected to know these facts, and plaintiff's allegations, taken together, suffice to entitle him to discovery on the issue of vicarious liability. See *Dish Network*, 28 FCC Rcd 14014 at ¶ 46 (consumers may acquire evidence of relationship between telemarketer and seller through discovery if they are not independently privy to such information).

 I also reject defendants' attempt to skirt plaintiff's allegations of their direct involvement in the automated call by recasting his allegations about being "transferred" to an Esurance agent as setting forth an "inbound call by plaintiff to a live Esurance employee." That characterization plainly distorts plaintiff's account of the call and of how he came to speak to a live agent. Moreover, plaintiff's allegations of defendants' direct participation in the call by connecting him to an Esurance agent (a company "backed by Allstate") suffice to entitle him to discovery to establish that their alleged violation of the TCPA was willful and/or knowing. *See Sengenberger v. Credit Control Services, Inc.*, No. 09, 2010 WL 6373008, *2 (N.D.Ill. Jun. 17, 2010) (Zagel, J.) (willful or knowing violation of TCPA requires only that defendant know of the facts constituting the offense).